IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

MELISSA ANN DAVIDSON                                                              PLAINTIFF

V.                                    CASE NO. 1:13CV00060 JTK

CAROLYN W. COLVIN, *Acting Commissioner*,
Social Security Administration                                                    DEFENDANT

## MEMORANDUM AND ORDER

Plaintiff Melissa Ann Davidson brings this action for review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for disability insurance benefits (DIB). Both parties have submitted appeals briefs, and the case is ready for decision.[1] The only issue before the Court is whether the Commissioner's decision is supported by substantial evidence. After reviewing the administrative record and the arguments of the parties, the Court finds that the Commissioner's decision is supported by substantial evidence.

### Procedural History

Plaintiff protectively filed her application on August 23, 2010, alleging a disability[2] onset date of July 16, 2010, due to two strokes, debilitating migraines, and diverticulitis. Plaintiff's claim was denied at the initial and reconsideration levels. A hearing was held on May 9, 2012, before an

---

[1] The parties have consented to the jurisdiction of a Magistrate Judge (DE #2).

[2] "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3).

Administrative Law Judge (ALJ). Following the hearing, the ALJ issued an unfavorable decision denying Plaintiff's claim, and the Appeals Council subsequently denied the request for review. It is from this decision that Plaintiff now brings her appeal.

## Administrative Proceedings

Plaintiff was forty-seven years old at the time of the administrative hearing and had completed CNA training and one and a half to two years of college. She had past relevant work as a cashier/assistant manager and CNA. The ALJ applied the five-step sequential evaluation process[3] to Plaintiff's claim. Plaintiff satisfied the first step because she had not engaged in substantial gainful activity. At step two, the ALJ found that Plaintiff suffered from the medical impairments of cerebrovascular accident (minimal impairment), hypertension, diverticulitis, and migraine headaches, but he further found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listing. Further, while the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, he also concluded that Plaintiff's statements concerning the intensity, persistence, and limiting effect of those symptoms were not credible to the extent they were inconsistent with the residual functional capacity to perform the full range of light work. The ALJ found at step four that Plaintiff could perform her past work. Accordingly, the ALJ found Plaintiff was not under a disability.

---

[3]The five part test asks whether the claimant: (1) is currently employed; (2) severely impaired; (3) has an impairment or combination of impairments that meet or approximate a listed impairment; (4) can perform past relevant work; and if not, (5) can perform any other kind of work. Through step four of this analysis, the claimant has the burden of showing that he is disabled. Only after the analysis reaches step five does the burden shift to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *Steed v. Astrue*, 524 F.3d 872, 875 n. 3 (8th Cir. 2008).

**Standard of Review**

The Court's limited function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Cox v. Apfel*, 160 F.3d 1203, 1206-07 (8th Cir. 1998) (citing *Lawrence v. Chater*, 107 F.3d 674, 676 (8th Cir. 1997)). The Commissioner's decision cannot be reversed merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004). However, "[t]he substantial evidence test employed in reviewing administrative findings is more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987). "'Substantial evidence on the record as a whole' . . . requires a more scrutinizing analysis." *Id.* (quoting *Smith v. Heckler*, 735 F.2d 312, 315 (8th Cir. 1984)). "In reviewing the administrative decision, '[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight.'" *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)).

**Discussion**

**1. Credibility and RFC**

The plaintiff argues the ALJ erred in assessing her credibility and in his RFC determination. The Court finds no error.

An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. *See* Social Security Ruling 96-8p. "Because a

claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of claimant's ability to function in the workplace." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009) (internal citations omitted). In addition to determining RFC based on all relevant evidence, including the medical records and observations of treating physicians and others, the ALJ should also consider the claimant's own description of his limitations, *id.*, including his testimony regarding subjective complaints of pain. *See Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984).

In considering the credibility of a claimant's subjective complaints, an ALJ must consider the claimant's prior work record and observations by third parties and treating and examining physicians relating to such matters as the following: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions. *Polaski v. Heckler*, 739 F.2d at 1322. However, the ALJ is not required to discuss each *Polaski* factor as long as he acknowledges and considers the factors before discounting a claimant's subjective complaints. *Halverson v. Astrue*, 600 F.3d 922, 932 (8th Cir. 2010) (quoting *Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009)).  While the ALJ may not disregard subjective pain allegations solely because they are not fully supported by objective medical evidence, *see Chamberlain v. Shalala*, 47 F.3d 1489, 1494 (8th Cir. 1995), an ALJ is entitled to make a factual determination that a claimant's subjective complaints are not credible in light of objective medical evidence to the contrary. *See* 20 C.F.R. §§ 404.1508, 404.1529 (requiring that an individual's subjective complaints of pain alone shall not be conclusive evidence of disability, but must be documented by medical evidence which reasonably could be expected to produce the pain or symptoms alleged). Furthermore, the Court will generally defer to the ALJ's decision to discredit the claimant's complaints if the ALJ gave good reasons for

doing so. *Halverson*, 600 F.3d at 932.

Review of the ALJ's decision shows that he considered the entire record. The Court will not substitute its opinion for that of the ALJ, who is in a better position to assess credibility. Here, the ALJ referred to the *Polaski* considerations and cited inconsistencies in the record to support his findings. The Court has carefully reviewed the record and determined the ALJ's finding that Plaintiff's subjective complaints were not fully credible was adequately explained and supported by the record as a whole.

Further, the RFC determination is supported by substantial evidence. The ALJ properly considered all of the medical and other relevant evidence of record in making his RFC determination, including Plaintiff's descriptions of limitations, observations of treating and examining physicians and others, and medical records including any observations therein. The ALJ noted Plaintiff's non-compliance with prescribed medication and physician's orders to stop her one-pack-a-day smoking habit, and lack of functional limitations that amount to an inability to perform any work activity. *See Cox v. Astrue*, 495 F.3d 614, 620 n.6 (8th Cir. 2007) (finding substantial evidence to supports the RFC determination because the ALJ's RFC was supported by medical evidence that sufficiently allowed for an understanding of how Plaintiff's limitations functioned in a work environment).

## 2. Step Four - Past Relevant Work

Plaintiff argues next that the ALJ erred in determining that she could perform her past work. She asserts there was no evidence presented, other than her testimony, which indicated whether she could perform her past work. She further contends the ALJ did not determine whether there was other work in the national economy that she could perform.

"An ALJ may find the claimant able to perform past relevant work if the claimant retains the ability to perform the functional requirements of the job as she actually performed it or as generally required by employers in the national economy." *Samons v. Astrue*, 497 F.3d 813, 821 (8th Cir. 2007). "At step four, the ALJ may elicit testimony from a vocational expert (VE) in evaluating a claimant's capacity to perform his or her past relevant work." *Wright v. Astrue*, 489 Fed. App'x 147, at *2 (8th Cir. 2012).

Contrary to Plaintiff's assertion, the ALJ asked a VE to describe the requirements of Plaintiff's past work. The VE testified that Plaintiff's past work included a checker, deli worker, and Aromatique[4] worker were light work that Plaintiff performed as they are generally performed in the national economy. Because the ALJ found Plaintiff could perform her past work at step four, he could end the sequential evaluation there; it was unnecessary for him to determine whether other work existed in the national economy that she could perform. *See* 20 C.F.R. § 404.1520(a)(4) ("If we find that you are disabled or not disabled at a step, we make our determination or decision and we do no t go on to the next step.").

**3. Development of the Record**

Plaintiff's final argument is that the ALJ failed to fully and fairly develop the record. She claims there is no medical evidence to support the ALJ's ultimate RFC determination and that the ALJ should have sought opinions from her treating physicians or from consultative examiner regarding her mental and physical RFC.

The ALJ is required to develop the record fully and fairly. *See Snead v. Barnhart*, 360 F.3d

---

[4] Plaintiff testified Aromatique was a basket-making company. She worked in the rose department, wherein they would air and freeze-dry fresh roses and dip them into chemicals for use in potpourri and other items.

834, 838 (8th Cir. 2004). This responsibility, however, does not ordinarily extend to seeking additional clarifying statements from treating physicians unless a crucial issue is undeveloped. *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). "[The] ALJ is permitted to issue a decision without obtaining additional medical evidence as long as other evidence in the record provides a sufficient basis for the ALJ's decision." *Warburton v. Apfel*, 188 F.3d 1047, 1051 (8th Cir. 1999) (quoting *Naber v. Shalala*, 22 F.3d 186, 189 (8th Cir. 1994)); *Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994). A claimant must show not only that the ALJ failed to fully and fairly develop the record but also that she was prejudiced or treated unfairly by the ALJ's failure. *See Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995); *Onstadv. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993); *Highfill v. Bowen*, 832 F.2d 112, 115 (8th Cir. 1987) (claimant must show prejudice or unfairness resulting from an incomplete record).

Here, the Court finds that there was no need for the ALJ to further develop the record, as no issue was left undeveloped. The record provides a sufficient basis for the ALJ's decision and includes medical test results and medical reports from various sources. It also contains the transcript of the administrative hearing, which includes Plaintiff's testimony. Thus, the ALJ had adequate evidence at his disposal to determine the merits of Plaintiff's disability claim. As such, the Court finds that there was sufficient record evidence for the ALJ to make the disability determination.

**Conclusion**

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record that contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996);

*Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record and concludes there is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the Commissioner's final determination and dismisses Plaintiff's Complaint with prejudice.

SO ORDERED this 13th day of August, 2014.

_____
UNITED STATES MAGISTRATE JUDGE